Leonard M. Shulman - Bar No. 126349
Lynda T. Bui - Bar No. 201002
Rika M. Kido - Bar No. 273780
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:     (949) 340-3400
Facsimile:      (949) 340-3000
Email: lshulman@shbllp.com; lbui@shbllp.com;
        rkido@shbllp.com

Proposed Attorneys for Carolyn A. Dye,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.  2:16-bk-22185-ER |
| **INTEGRITY RETAIL DISTRIBUTION, INC.,** | Chapter  7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY SHULMAN HODGES & BASTIAN LLP AS COUNSEL AND FOR APPROVAL OF COMPENSATION PROCEDURES; DECLARATION OF LEONARD M. SHULMAN  IN SUPPORT THEREOF** |
| | [No Hearing Set Pursuant to Local Bankruptcy Rule 2014-1(b)] |

////

////

////

**SHULMAN HODGES &
BASTIAN LLP**
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

1

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

## TABLE OF CONTENTS

**Page**

I.    NEED FOR LEGAL COUNSEL .......................................................................3

II.   PROPOSED EMPLOYMENT AND QUALIFICATIONS OF THE FIRM.....................6

    A.    Services to be Performed .................................................................6

        1.    Litigation Services ...........................................................6

        2.    General Services ..............................................................6

        3.    The Firm's Services Will Not Duplicate Services Rendered By
            Any Other Professionals in the Case ...........................................7

    B.    Qualifications of the Firm ...............................................................7

III.  THE FIRM IS "DISINTERESTED" ................................................................8

IV.   COMPENSATION OF THE FIRM ..................................................................9

    A.    Litigation Services ........................................................................9

    B.    General Services .........................................................................12

DECLARATION OF LEONARD M. SHULMAN.......................................................15

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES**:

Carolyn A. Dye ("Trustee"), the duly appointed, qualified and acting Chapter 7 trustee for the bankruptcy estate ("Estate") of Integrity Retail Distribution, Inc. ("Debtor"), brings this Application for an order authorizing the employment of Shulman Hodges & Bastian LLP ("Firm") as counsel ("Application") in this bankruptcy case on a contingency fee basis for Litigation Services (defined below) and at the Firm's regular hourly rates[1] for General Services (defined below), plus expenses, effective as of November 1, 2016.  In support thereof, the Trustee respectfully represents as follows:

## I.    NEED FOR LEGAL COUNSEL

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 13, 2016 ("Petition Date").

The Court's Claims Register for the Debtor's case indicates that as of November 18, 2016, there have been 27 proofs of claim filed totaling $1,580,140.89, consisting of $6,512.13 in alleged secured claims and $1,573,628.76 in alleged general unsecured claims.  The deadline for filing proofs of claim is February 21, 2017.  Government claims are due by May 22, 2017.

Based on the Trustee's initial investigation into potential assets of the Estate, she anticipates that after the liquidation of the available assets there may be a meaningful distribution to creditors.  However, in order to accomplish this, the Trustee has determined that there is a need to retain counsel to advise the Trustee on various matters affecting the recovery and liquidation of potential assets of the Estate based on the following:

- On its Statement of Financial Affairs, item 3, the Debtor listed $5,440,265.96 in total payments made to creditors during the ninety days prior to the Petition Date.  The Trustee needs to investigate the Debtor's financial affairs to determine the nature and extent of any preferential, fraudulent, unauthorized post-petition or other avoidable transfers of the Debtor's assets prior to and/or after the Petition Date (collectively the "Avoidance Claims").  The Trustee

---

[1]    The Firm's current regular hourly rates are set forth below, but may be adjusted from time to time.

**SHULMAN HODGES &
BASTIAN LLP**
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

3

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

1    needs to investigate and evaluate voidable or improper payments and/or transfers made, if any, to

2    any persons or business entities that the Debtor may be associated with, or to insiders of the

3    Debtor during the years prior to the Petition Date.   If deemed appropriate, the Trustee may need

4    to file complaints and commence adversary proceedings to seek declaratory relief and/or for

5    recovery of assets of the Estate that were improperly transferred.

6         •    The Estate may have causes of action against current or former officers, directors,

7    employees, insiders of the Debtor and/or third parties to be pursued in this case (collectively the

8    "Insider Claims").  The possible legal theories to be pursued may include breach of fiduciary

9    duties, fraud, misappropriation of funds, fraudulent transfers, conversion, and breach of contract,

10   among others.  The Trustee will need assistance in the investigation and evaluation of  the

11   Insider Claims related to events occurring prior to the Petition Date, and if appropriate, the

12   pursuit of such Insider Claims.

13        •    The Debtor's website indicates it operated a trucking distribution business in

14   several states, providing pool distribution services, direct-to-store shipments, distribution center

15   (DC) bypass services, vendor consolidation and returns (or reverse pool distribution), and

16   customized distribution services for retailers, healthcare distributors and other specialty

17   companies. On its Schedule B item 11, the Debtor listed accounts receivable with a face value of

18   $1,869,754.28 and indicated that none of the receivables were doubtful or uncollectible.  The

19   Debtor's Schedules indicate that the Debtor factored its accounts receivable and may have leased

20   much of its equipment used in the operation of the trucking distribution business.  The Trustee is

21   advised that there may be several creditors holding liens against the Debtor's assets.  The Trustee

22   will need assistance in the review and analysis of extraordinary claims and where appropriate

23   prepare and file objections and appear at Court hearings on the objections. As claims are

24   estimated to be in the millions (Debtor scheduled total claims of $5,240,733.50) the Trustee's

25   will need the Firm's assistance in extraordinary claim matters.

26        •    The Trustee may also need assistance with the investigation of the $1,869,754.28

27   in accounts receivable, and where deemed appropriate may need to file complaints and

28

**SHULMAN HODGES &
BASTIAN LLP**
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

4

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

commence adversary proceedings to seek recovery of the amounts owed to the Estate ("Collection Claims").

• On its Schedule B item 47, the Debtor listed twenty-seven several trailers that Debtor asserted were owned free and clear but that currently the Debtor did not know the location, condition and value of such trailers. The Debtor further states it is conceivable that independent truckers to whom the Debtor owes money may have taken possession of certain trailers. The Trustee may also need assistance with the investigation of these trailers and where deemed appropriate may need to file complaints and commence adversary proceedings to seek recovery of the trailers or the value of the trailers. If any of these trailers or other personal property assets of the Debtor are recovered, the Trustee may also need assistance with their sale including seeking Court approval for the sale(s) and preparing transactional documents associated with such sale(s).

Based on the foregoing, this case does not appear to be a simple matter for the investigation of a few assets, or a simple investigation of causes of action for recovery of assets that the Trustee can handle without counsel. Instead, there are extraordinary legal issues to address including millions of dollars of potential litigation for recovery under Avoidance Claims, Insider Claims, and/or Collection Claims, and recovery and sale of the trailers or any other assets of the Debtor. Given the issues in this case, legal services will be required by the Trustee in the administration of this Estate. In order to assist her in the administration of the Chapter 7 case, the Trustee seeks to employ the Firm as counsel on a contingency fee basis for Litigation Services (services related to Avoidance Claims, Insider Claims and/or Collection Claims) and at the Firm's regular hourly rates[2] for General Services (all other legal services other than Litigation Services), plus expenses.

The Trustee believes that employment of the Firm will be in the best interest of the Estate.

---

[2]    The Firm's current regular hourly rates are set forth below, but may be adjusted from time to time.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

## II.   PROPOSED EMPLOYMENT AND QUALIFICATIONS OF THE FIRM

**A.   Services to be Performed**

The professional services that the Firm will be required to render are divided into two categories: "Litigation Services" and "General Services" as follows.

1.   Litigation Services

• Investigate any and all claims and causes of action which constitute Avoidance Claims, Insider Claims and/or Collection Claims of the Estate, including but not limited to, (i) causes of action against current or former officers, directors, employees, insiders of the Debtor, and/or non-debtor third parties (ii) the Estate's claims arising under any of Sections 542, 543, 544, 545, 546, 547, 548, 549 and 550 of the Bankruptcy Code, (iii) any actions based on applicable nonbankruptcy law that may be incorporated or brought under the foregoing sections of the Bankruptcy Code, or (iv) any other similar action or proceeding filed to recover property for or on behalf of the Estate or to avoid a lien or transfer ("Litigation Claims").

• Prosecute any Litigation Claims lawsuit to a judgment in an appropriate trial court.

• Analysis of possible settlement of Litigation Claims and conduct possible settlement negotiations.

• If a judgment is obtained in favor of the Estate in any Litigation Claims lawsuit, opposing any motion for new trial by any opposing party.

• To perform any and all other legal services incident and necessary as the Trustee may require of the Firm in connection with the Estate's Litigation Claims.

2.   General Services

• Assist the Trustee in obtaining turnover of business records, financial records and/or real or personal property records of the Debtor and non-debtor third parties under Bankruptcy Code Section 542 in order to assist the Trustee to investigate and recover on assets of the Estate.

• Consult with the Trustee concerning legal issues impacting the administration of the bankruptcy case. This may include advising the Trustee and assisting her with (i) recovering

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

6

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

1   the Debtor's trailers and/or other personal property assets of the Estate, and (ii) the sale of the

2   recovered personal property assets.

3       •       Investigate the acts, conduct, assets, liabilities and financial condition of the

4   Debtor, and any other matters relevant to the case or the preservation of assets for the benefit of

5   creditors.

6       •       Conduct examinations of witnesses, claimants, or other parties and to prepare and

7   assist in the preparation of reports, accounts and pleadings related to the Debtor's Chapter 7 case

8   if necessary.

9       •       Review of extraordinary claims filed against the Estate.  If necessary, file

10  objections to claims where there is sufficient cause and appear at Court hearings on such matters.

11  The Firm will review claims filed against the Estate and, if necessary, bring actions to object to

12  certain "legally sophisticated" claims if there is sufficient cause; all other "routine" claims will

13  be analyzed by the Trustee's administrator.

14      •       Perform any and all other legal services incident and necessary herein to preserve

15  assets for the benefit of the Estate and its creditors.

16      3.      The Firm's Services Will Not Duplicate Services Rendered By Any Other

17              Professionals in the Case

18  At this time, Trustee has not employed any other professionals in this case.  The services

19  to be rendered by the Firm will not duplicate the services rendered by any other professionals

20  employed in the case.

21  **B.   Qualifications of the Firm**

22  The Trustee believes the Firm is well qualified to render the foregoing services.  The

23  Firm is a full service business law firm comprised of attorneys who are experienced in

24  insolvency, bankruptcy and corporate reorganization as well as the legal matters of the type that

25  may need to be pursued herein.  The Firm has extensive experience in debtor/creditor matters,

26  including the representation of trustees that appear in bankruptcy cases.

27  The Firm also has extensive experience in pursuit of breach of fiduciary duty claims

28  under the California Trust Fund Doctrine against officers and directors of corporations, limited

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

7

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

liability companies and other entities and has been extremely successful in such matters in the context of bankruptcy cases and obtaining substantial recovery under applicable insurance policies against the former officers and directors of debtor entities. The Firm also has extensive experience in the pursuit of avoidance claims arising under any of Sections 542, 543, 544, 545, 546, 547, 548, 549 and 550 of the Bankruptcy Code, (iii) any actions based on applicable nonbankruptcy law that may be incorporated or brought under the foregoing sections of the Bankruptcy Code, and has been extremely successful in such matters.

To avoid any duplication in billing, the Firm will assign different matters for the Litigation Services and for the General Services. For the Litigation Services, the Firm will also assign sub-matters for the different types of litigation (i.e. Avoidance Claims, Insider Claims, and/or Collection Claims).

In summary, the members of the Firm have practiced in the Bankruptcy Court for many years, and the Firm has handled virtually every type of matter that can arise in the context of a bankruptcy case and is well able to perform the legal services required in this .

All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California. A biography of each professional of the Firm is attached as **Exhibit 1** to the Declaration of Leonard M. Shulman and incorporated herein by this reference. The Firm and each of the members, associates, and paralegals who will work this are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.

### III.   THE FIRM IS "DISINTERESTED"

Other than the Firm representing the Trustee in other non-related bankruptcy cases, to the best of the Firm's knowledge after full investigation, neither the Firm, nor any of the attorneys comprising or employed by it, has a business, professional, or other connection with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the Office of the United States Trustee. To the best of the Firm's knowledge after full investigation, none of the attorneys comprising or employed by

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

8

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

1  the Firm are related to any judge of the United States Bankruptcy Court for the Central District

2  of California, to the United States Trustee, or any employee of the United States Trustee, except

3  that Lynda T. Bui, who is a non-equity partner of the Firm, is a member of the Chapter 7

4  Bankruptcy Trustee panel for the Central District of California appointed and supervised by the

5  Office of the United States Trustee.

6       The Firm is a "disinterested person" within the meaning of Bankruptcy Code Section

7  101(14) and represents no interest which would be adverse to the Debtor, the Estate, creditors, or

8  any party in interest in the proceedings.  As of the Petition Date, the Firm was not a creditor of the

9  Estate.

10                    **IV.    COMPENSATION OF THE FIRM**

11      The Firm has received no retainer for the services to be performed herein**.**  There is no

12  oral or written employment agreement except for this Application an agreement that the Firm

13  will accept as compensation such sum as the Court may deem reasonable, and the only source of

14  payment will be from property of the Estate as authorized by the Court.

15      The Firm has not shared or agreed to share any compensation to be received by it in this

16  case with any other person, except as among partners of the Firm.

17      The Firm proposes to be employed on a contingency fee basis for Litigation Services and

18  at the Firm's regular hourly rates[3] for General Services, plus expenses, as follows:

19  **A.    Litigation Services**

20      For its Litigation Services, this Application is brought in accordance with Bankruptcy

21  Code Sections 327 and 328, Federal Rule of Bankruptcy Procedure 2014 and Local Bankruptcy

22  Rule 2014-1(b).   For its Litigation Services, the Firm has agreed to be employed and

23  compensated subject to the provisions of Bankruptcy Code Section 328.  Payment to the Firm by

24  the Estate for its Litigation Services will be on a contingency fee basis of the gross amount

25  actually recovered, plus expenses, as follows:

26      • If the matter is resolved before a complaint is filed, an amount equal to (i) twenty-five

27  percent (25%) of any Gross Recovery (defined as the total Recovery prior to subtracting all

28

---

[3]      The Firm's current regular hourly rates are set forth below, but may be adjusted from time to time.

**SHULMAN HODGES &
BASTIAN LLP**
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

9

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

unreimbursed costs) obtained from any Avoidance Claims, and (ii) twenty-five percent (25%) of any Gross Recovery obtained from any other Litigation Claims.

- If the matter is resolved after a complaint is filed but before trial, an amount equal to thirty-three percent (33%) of any Gross Recovery obtained.

- If the matter is resolved at trial, an amount equal to forty percent (40%) of any Gross Recovery obtained.

- An appeal of a Litigation Claim judgment is not included in the foregoing contingency fee arrangement.  In the event the Trustee determines that the Firm will handle any appeal of a Litigation Claim judgment, a separate employment application will be filed.

- <u>Costs and Expenses as Affecting Contingency Fee</u>:  Any costs and expenses paid in connection with Litigation Claims which remain outstanding at the time of settlement, judgment or compromise shall be paid from the total Gross Recovery, after the contingency fee is calculated.  (For example, if the claim is settled for $1,000, and the outstanding balance for costs and expenses is $100, then the Net Recovery is $900.00, but the contingency fee shall be based on the Gross Recovery.)  The Estate's share of the Recovery shall be the balance remaining after reimbursement of such costs and expenses and payment of the contingency fee.

- <u>Form of Recovery as Affecting Contingency Fee</u>:  If the Recovery consists of payments to be made over a period of time, or other property not entirely cash or cash-equivalent, the contingency fee shall be based on the present cash value of the Recovery as determined by generally recognized accounting and appraisal standards.  (For example, if the Recovery consists of $1,000 payable at $100/year over 10 years, its present cash value may be approximately $380, depending on prevalent interest rates.)  The contingency fee shall be paid out of the first funds or property received or recovered for the benefit of the Estate.

- <u>Meaning of "Recovery"</u>:  The Trustee agrees that Firm should be compensated for the Firm's services that result in a benefit to Estate.  "Recovery" includes, but is not limited to, any amounts paid to the Estate or on the Estate's behalf whether a result of an arbitration award, judgment, settlement or otherwise, in the matter(s) that the Firm represents the Trustee and the Estate.  "Recovery" also includes, but is not limited to, the ultimate result of a matter (i.e.

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

10

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

judgment or settlement) such as payments made during the course of litigation that were refused prior to or after so long as the payments or other benefits are the result of Firm's services.  In the event there is no affirmative Recovery for the Estate, the Firm has agreed that a reduction of the defendant's claim against the Estate is excluded from the meaning of Recovery.

- Payment of the Contingency Fee and Reimbursement of Expenses: In the event the Recovery on any Litigation Claims is obtained through a settlement, concurrent with Trustee's motion for Court approval of the settlement, the Trustee will seek Court approval of the Firm's contingency fee award and reimbursement of the Firm's expenses for the settled matter with no need for the Firm to file a separate fee application.  As to a contingency fee and reimbursement of expenses related to Recovery obtained through the Firm's collection of a judgment in favor of the Estate, the Trustee or the Firm will file a separate application for a Court order authorizing payment of the contingency fee and reimbursement of expenses related to such judgment Recovery.

The Firm understands and agrees that the proposed compensation arrangement for the Litigation Services will be subject to the provisions of Bankruptcy Code Section 328, which authorizes this Court to allow compensation different from that provided herein if those fee arrangements appear, in retrospect, to have been improvident in light of developments unanticipated at the outset of the case.

The Trustee and the Firm have negotiated the contingency fee arrangement for the Litigation Services.  The Trustee preferred a contingency rate with the hopes that there would be proceeds to be disbursed to others besides the Estate's professionals.  Typically, the Firm would request a forty-five percent (45%) fee as its customary practice for matters such as this. However, after balancing the interests of creditors, the risks attendant to the litigation and the desires of the Firm, the Firm has agreed to the contingency fee scale set for above (25% to 40% contingency fee based on the status of the matter at the time of recovery.)  It is the Trustee's and the Firm's experience that most avoidance litigation matters are settled prior to trial and so the Trustee believes that most of the Firm's compensation for the Litigation Services will be at the lower 25% to 33% contingency fee rate.  In addition, trial can be risky and expensive and the

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

11

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

40% contingency is consistent with the Firm's standard practice.  If the Firm has to collect on any judgment after trial, the contingency fee is still capped at 40%, which is a substantial discount in the industry.  Often, collection counsel will charge about 50% on collection of any judgment alone.  As such, the Trustee believes that this arrangement serves the best interests of the Estate and its creditors.

One of the main factors analyzed by the Trustee when negotiating the contingency fee arrangement was the fact that in normal litigation, there is usually a client well versed in the facts that can and will assist in case preparation.  Here, some of those that normally would "assist" (the Debtor's insiders) are potential targets of the litigation.  Therefore, it is not likely that these targets (i.e. insiders) will go to any lengths to develop or assist in the prosecution of the Estate's claims.  Further, there is information and books and records that may not be available. Prosecution of the Litigation Claims will be risky and employment of the Firm for the Litigation Services on a contingency fee basis will assist the Trustee in reducing the risk for the Estate. The prosecution of the Litigation Claims is expected to require hundreds of hours of attorney and professional time.   The Trustee acknowledges that as in any litigation, there is substantial risk that there could be limited recovery from the Litigation Claims. Thus, the contingency fee arrangement will allow the Estate to reap the benefits of any recovery, while at the same time eliminate risks involved where there is limited or no recovery from the Litigation Claims.

Based on these facts, the Trustee believes that approval of the compensation arrangement for the Litigation Services is in the best interests of the Estate and its creditors.

**B.      General Services**

For its General Services, this Application is brought in accordance with Bankruptcy Code Sections 327 and 330, Federal Rule of Bankruptcy Procedure 2014 and Local Bankruptcy Rule 2014-1(b).  For its General Services, Firm has agreed to be employed and compensated subject to the provisions of Bankruptcy Code Section 330.  All fees and expenses for the Firm's General Services shall be compensated at the Firm's regular hourly billing rates, which may be subject to adjustment from time to time, plus expenses.  The Firm's current hourly billing rates are as follows:

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

12

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

| **Attorneys** | **Hourly Rate** |
|---|---|
| Leonard M. Shulman | $550 |
| Ronald S. Hodges | $550 |
| James C. Bastian, Jr. | $550 |
| J. Ronald Ignatuk | $550 |
| Gary A. Pemberton | $550 |
| Michael J. Petersen | $550 |
| Franklin J. Contreras | $475 |
| Lynda T. Bui | $450 |
| Samuel J. Romero | $425 |
| Melissa Davis Lowe | $395 |
| Kiara W. Gebhart | $395 |
| Rika M. Kido | $375 |
| Ryan O'Dea | $375 |
| Heather B. Dillion | $295 |
| Elyza P. Eshaghi | $275 |
| Brianna L. Frazier | $275 |

**Paralegals:**

| | |
|---|---|
| Lorre Clapp | $250 |
| Pamela G. Little | $250 |
| Erlanna L. Lohayza | $250 |
| Patricia A. Britton | $195 |
| Steve P. Swartzell | $195 |
| Anne Marie Vernon | $195 |
| Tammy Walsworth | $195 |
| Britney Bailey | $185 |
| Tonia Mann-Wooten | $150 |

**Of Counsel:**

| | |
|---|---|
| A. Lavar Taylor | $575 |
| Donald R. Kurtz | $550 |
| Gregory J. Anderson | $475 |
| Robert Huttenhoff | $475 |

The Firm understands the provisions of Bankruptcy Code Sections 327, 330 and 331 which require, among other things, Court approval of the Trustee's employment of the Firm and of all legal fees and reimbursement of expenses that the Firm will receive from the Estate for its

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

1  General Services.  In compliance with Sections 330 and 331 of the Bankruptcy Code, for its

2  General Services, the Firm intends to file applications for allowance of fees and reimbursement

3  of costs as and when appropriate.

4       **WHEREFORE**, the Trustee requests that this Court enter an order as follows:

5       1.     Authorizing the Trustee to employ the Firm in this for the Litigation Services

6  described above, effective as of November 1, 2016, with the compensation for the Litigation

7  Services to be on the contingency fee and reimbursement of expenses terms set forth above,

8  including to be paid upon approval of this Court pursuant to the procedures set forth above.

9       2.     Authorizing the Trustee to employ the Firm in this case for the General Services

10  described above, effective as of November 1, 2016, at the Firm's regular hourly rates, which may

11  be subject to adjustment from time to time, plus expenses, with any compensation and

12  reimbursement of costs for the General Services to be paid upon further application and approval

13  of this Court in accordance with the law.

14       3.     And for such other and further relief as is just and proper under the circumstances

15  of this case.

16

17  Dated:  November 30, 2016    _____

18                               Carolyn A. Dye
                                 Chapter 7 Trustee for the bankruptcy estate of
19                               *In re Integrity Retail Distribution, Inc.*, Case No. 2:16-bk-
                                 22185-ER
20

21

22

23

24

25

26

27

28

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

14

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

# DECLARATION

## DECLARATION OF LEONARD M. SHULMAN

I, Leonard M. Shulman, declare and state as follows:

1.     The matters stated herein are true and correct and within my personal knowledge. If called as a witness, I could and would competently testify thereto.  I am the managing partner of Shulman Hodges & Bastian LLP ("Firm") and am authorized to and make this declaration on its behalf.  I am admitted to practice before this Court.

2.     I make this Declaration in support of the Chapter 7 Trustee's Application for Order Authorizing Employment of Shulman Hodges & Bastian LLP as Counsel and for Approval of Compensation Procedures ("Application") filed by Carolyn A. Dye ("Trustee"), the Chapter 7 trustee for the bankruptcy estate ("Estate") of *In re Integrity Retail Distribution, Inc..*, Case No. 2:16-bk-22185-ER.

3.     Attached hereto as **Exhibit 1** and incorporated herein by reference is a brief biography of each of the professionals employed by the Firm.

4.     The Firm is a full service business law firm comprised of attorneys who are experienced in insolvency, bankruptcy and corporate reorganization as well as litigation matters of the type that may need to be pursued herein.  Furthermore, the Firm is experienced in debtor/creditor matters, including the representation of trustees that appear in bankruptcy cases.

5.     The Firm also has extensive experience in pursuit of breach of fiduciary duty claims under the California Trust Fund Doctrine against officers and directors of corporations, limited liability companies and other entities and has been extremely successful in such matters in the context of bankruptcy cases and obtaining substantial recovery under applicable insurance policies against the former officers and directors of debtor entities.  The Firm also has extensive experience in the pursuit of avoidance claims arising under any of Sections 542, 543, 544, 545, 546, 547, 548, 549 and 550 of the Bankruptcy Code, (iii) any actions based on applicable nonbankruptcy law that may be incorporated or brought under the foregoing sections of the Bankruptcy Code, and has been extremely successful in such matters.

**SHULMAN HODGES &
BASTIAN LLP**
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

15

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

6.      The members of the Firm have practiced in the Bankruptcy Court for many years, and the Firm has handled virtually every type of matter that can arise in the context of a bankruptcy case and is well able to perform the legal services required in the Debtor's case.

7.      All attorneys comprising or associated with the Firm who will appear in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California.

8.      The members of the Firm are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, and shall comply with them during the administration of this case.

9.      To the best of my knowledge after full investigation, other than the Firm representing the Trustee in other non-related bankruptcy cases, the Firm has no business, professional, or other connection with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the Office of the United States Trustee, except that Lynda T. Bui, a non-equity partner of the Firm, is a member of the Chapter 7 Bankruptcy Trustee panel for the Central District of California appointed and supervised by the Office of the United States Trustee and the trustee in this case.

10.     To the best of my knowledge after full investigation, none of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.

11.     To the best of my knowledge after full investigation, the Firm is both disinterested as that term is defined in Bankruptcy Code Section 101(14) and represents no interest which would be adverse to the Debtor, the Estate, creditors of the Estate or any party in interest in these proceedings.

12.     The Firm has no pre-petition claim against the Estate.

13.     The Firm has received no retainer for the services to be performed during this Chapter 7 case.   There is no oral or written employment agreement, except the foregoing Application an agreement that the Firm will accept as compensation such sum as the Court may

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

16

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

deem reasonable, and the only source of payment will be from property of the Estate as authorized by the Court.

14.    For its Litigation Services, the Application is brought in accordance with Bankruptcy Code Sections 327 and 328, Federal Rule of Bankruptcy Procedure 2014 and Local Bankruptcy Rule 2014-1(b).  For its Litigation Services, the Firm has agreed to be employed and compensated subject to the provisions of Bankruptcy Code Section 328.  Payment to the Firm by the Estate for its Litigation Services will be on a contingency fee basis of the gross amount actually recovered, plus expenses as described in the Application.

15.    In the event the Recovery on any Litigation Claims is obtained through a settlement, concurrent with Trustee's motion for Court approval of the settlement, the Trustee will seek Court approval of the Firm's contingency fee award and reimbursement of the Firm's expenses for the settled matter with no need for the Firm to file a separate fee application.  As to a contingency fee and reimbursement of expenses related to Recovery obtained through the Firm's collection of a judgment in favor of the Estate, the Trustee or the Firm will file a separate application for a Court order authorizing payment of the contingency fee and reimbursement of expenses related to such judgment Recovery.

16.    The Firm understands and agrees that the proposed compensation arrangement for the Litigation Services will be subject to the provisions of Bankruptcy Code Section 328, which authorizes this Court to allow compensation different from that provided herein if those fee arrangements appear, in retrospect, to have been improvident in light of developments unanticipated at the outset of the case.

17.    For its General Services, the Application is brought in accordance with Bankruptcy Code Sections 327 and 330, Federal Rule of Bankruptcy Procedure 2014 and Local Bankruptcy Rule 2014-1(b).  For its General Services, Firm has agreed to be employed and compensated subject to the provisions of Bankruptcy Code Section 330.  All fees and expenses for the Firm's General Services shall be compensated at the Firm's regular hourly billing rates, which may be subject to adjustment from time to time, plus expenses.  The Firm's current hourly billing rates are as follows:

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

17

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

| **Attorneys** | **Hourly Rate** |
| --- | --- |
| Leonard M. Shulman | $550 |
| Ronald S. Hodges | $550 |
| James C. Bastian, Jr. | $550 |
| J. Ronald Ignatuk | $550 |
| Gary A. Pemberton | $550 |
| Michael J. Petersen | $550 |
| Franklin J. Contreras | $475 |
| Lynda T. Bui | $450 |
| Samuel J. Romero | $425 |
| Melissa Davis Lowe | $395 |
| Kiara W. Gebhart | $395 |
| Rika M. Kido | $375 |
| Ryan O'Dea | $375 |
| Heather B. Dillion | $295 |
| Elyza P. Eshaghi | $275 |
| Brianna L. Frazier | $275 |

**Paralegals:**

| | |
| --- | --- |
| Lorre Clapp | $250 |
| Pamela G. Little | $250 |
| Erlanna L. Lohayza | $250 |
| Patricia A. Britton | $195 |
| Steve P. Swartzell | $195 |
| Anne Marie Vernon | $195 |
| Tammy Walsworth | $195 |
| Britney Bailey | $185 |
| Tonia Mann-Wooten | $150 |

**Of Counsel:**

| | |
| --- | --- |
| A. Lavar Taylor | $575 |
| Donald R. Kurtz | $550 |
| Gregory J. Anderson | $475 |
| Robert Huttenhoff | $475 |

18.     The Firm understands the provisions of Bankruptcy Code Sections 327, 330 and 331 which require, among other things, Court approval of the Trustee's employment of the Firm and of all legal fees and reimbursement of expenses that the Firm will receive from the Estate for its General Services.  In compliance with Sections 330 and 331 of the Bankruptcy Code, for its

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

18

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

General Services, the Firm intends to file applications for allowance of fees and reimbursement of costs as and when appropriate.

19.     To avoid any duplication in billing, the Firm will assign different matters for the Litigation Services and for the General Services.  For the Litigation Services, the Firm will also assign sub-matters for the different types of litigation (i.e. Avoidance Claims, Insider Claims and Professional Liability Claims).

20.     The Firm has not shared or agreed to share any compensation to be received by it in this case with any other person, except as among partners of the Firm.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 30, 2016, at Irvine, California.

/s/ Leonard M. Shulman

_____
Leonard M. Shulman

**SHULMAN HODGES &
BASTIAN LLP**
100 Spectrum Centre Drive
Suite 600
Irvine, CA 92618

19

Employ App SHB re Integrity Retail Distribution Inc.docx
5210-002-000\23

# EXHIBIT 1

# FIRM RESUME

**Exhibit 1 - Page 20**

# SHULMAN HODGES & BASTIAN LLP

**PARTNERS**

**SHULMAN, LEONARD M.**, born Los Angeles, California, June 1, 1961; Admitted to bar, 1986, California, U.S. District Court, Central, Eastern, Northern and Southern Districts of California. Education: University of California at San Diego (B.A. Magna Cum Laude, 1983); University of San Diego (J.D. 1986). Regent Scholar. Member: 1984-1986 and Comments Editor, 1985-1986, University of San Diego Law Review. Author: "Compensation for Collegiate Athletes: A Run for More Than Roses" 22 San Diego Law Review 701 (1986); Case Note, "Matter of Western Electronics, Inc.," 16 Cal. Bankr. J. 23 (Winter, 1988); Article, "Reasonable Reliance on a False Financial Statement," 17 Cal. Bankr. J. 225, 1989. Co-Author, Article "A Retrospect: 1989 Ninth Circuit Bankruptcy Decisions," Cal. Bankr. J. 1990. Author: Article, "Abatement of a Landlord's Rights under the Shopping Center Amendments: Section 365(d)(2) Does Not Mean What It Says," 18 Cal. Bankr. J. 851, 1990; "In re Mercado: Enjoining the Collection Efforts of a Holder of a Nondischargeable Claim," Norton Bankruptcy Law Advisor, October, 1991; "Armed and Dangerous: Continuation of a Receiver in Bankruptcy, "Norton Bankruptcy Law Advisor, May 1992; "Is It Fair and Equitable to Alter the Bargained-for Exchange," The Bankruptcy Strategies, June 1992. "Supergeneric Descriptions of Debtor's Holdings Won't Do," Los Angeles Daily Journal, Business Law Section, August, 2005. "A Debtor's Right to Silence in a Bankruptcy Proceeding," Orange County Lawyer, September 2005; "Running On Empty: The Limitations Period On Installment Obligations," Orange County Business Journal, November 2006. Featured Speaker: "Pitfalls of Practice in Bankruptcy Court, Central District of California," December 1989, San Diego Bar Association; "How Reasonable Must Reliance Be on a False Financial Statement?" May 1990, Orange County Bar Association; "Bankruptcy in Today's Real Estate Market," February 1991, California Real Estate Investment Forum; "Automatic Stay -- Pitfalls of Practice," December 1991, Orange County Bar Association Creditors' Rights Section; "Automatic Stay -- Pitfalls of Practice," June 1992, Orange County Paralegal Association; "Representation of Creditors' Committees" (April 1993, Orange County Paralegal Association). Panelist: "Litigating Nondischargeability Actions" December 1990, Orange County Bankruptcy Forum; "Litigating Preference Actions," June 1991, Orange County bankruptcy Forum; "Handling a Chapter 11 Case," January 1992, Continuing Education of the Bar; "Bankruptcy Issues for the Real Estate Practitioner," June 1992, Orange County Bankruptcy Forum; "Bankruptcy Evidence I: Overcoming Evidentiary Roadblocks" (June 1992, Orange County Bankruptcy Program). "1994 Bankruptcy Reform Act" (November, 1994, Orange County Bankruptcy Forum); "Handling a Chapter 11 Reorganization The Right Way" (January 1994, CEB). "Small Business Chapter 11 Bankruptcies" (January 2008, Orange County Bankruptcy Forum); Moderator: "Employment of Professionals In Bankruptcy" (March 1994, Orange County Bar Association (Commercial Law and Bankruptcy Section); "What Price Justice: Is There an Exception to the Absolute Priority Rule?" January 1993, Orange County Bankruptcy Forum; "Law Practice Management for Bankruptcy Practitioners," April 1993, Orange County Bankruptcy Forum. Memberships: Member, Board of Directors, Orange County Bankruptcy Forum, 1991-1995 (Past President, 1995); California State Bar Association 1986 - Present. Member, Board of Directors, Pediatric Cancer Research Foundation (President 2006-2007).

**HODGES, RONALD S.**, born Santa Monica, California, December 29, 1964; admitted to California Bar, 1990; admitted to Bar in District of Columbia, Court of Appeal, 1992; U.S. District Court, Central District of California, Northern District of California, 1996. Education: Loyola Marymount University (B.A. 1987); Loyola University School of Law (J.D. 1990). Recipient, American Jurisprudence Award: Trial Skills. Formerly: Judicial Extern to the Honorable Harvey A. Schneider, Superior Court of California, Los Angeles, 1989. Memberships: American Bar Association; California State Bar Association; Orange County Bar Association; Riverside County Bar Association; Defense Research Institute; Association of Southern California Defense Counsel.

**BASTIAN, JAMES CHARLES, JR.**, born Chicago, Illinois, August 23, 1969; admitted to California Bar, 1994; U.S. District Court, Central District of California, 1994; Northern District of California, 1996; Eastern District of California, 1996; Southern District of California, 1998. Education: University of California, Los Angeles (B.A. 1991); Southwestern University School of Law (J.D. 1994). Formerly: Judicial Law Clerk and Extern to the Honorable Kathleen T. Lax, United States Bankruptcy Court, Central District of California, 1993-1995. Memberships: Orange County Bar Association (Commercial Law & Bankruptcy Sections); California State Bar Association; California Bankruptcy Forum, Board of Directors, 2000-2003; Orange County Bankruptcy Forum, President, 2000-2001, Vice President, 1999-2000, Board of Directors, 1997-2003, Co-Chair Special Projects Committee 1996-1997, Co-Chair Dinner Programs Committee 1997-1999.

**PEMBERTON, GARY A.**, Gary A. Pemberton is a member of the firm's Litigation Department and is resident in the Irvine office. Mr. Pemberton specializes in business litigation and has handled breach of contract disputes, unfair competition, business torts, interference with contract, insurance litigation, real estate litigation, securities litigation, corporate director and

# Exhibit 1 - Page 21

officers litigation, public entity litigation, intellectual property litigation, bankruptcy litigation, probate litigation and environmental litigation. Mr. Pemberton has tried a number of cases to successful conclusions in federal and state courts in San Francisco, Orange, Riverside and San Diego counties. Mr. Pemberton is admitted to practice before the Ninth Circuit Court of Appeals, the Federal Circuit Court of Appeals, the United States District Courts of the Northern, Central and Southern Districts of California, and all courts of the State of California. Based on the recommendation of other attorneys in the Orange County legal community, the legal publication Martindale-Hubbel has awarded Mr. Pemberton an "AV" rating, denoting excellence both in legal practice and professional ethics. Mr. Pemberton graduated cum laude with a B.A. in History from the University of California, Los Angeles in 1977. While at UCLA, Mr. Pemberton was a member of the Alpha Tau Omega Fraternity and the Pi Gamma Mu National Social Science Honor Society. He also volunteered extensively with the Big Brothers Organization. Mr. Pemberton then matriculated to Princeton Theological Seminary where he obtained a M.Div. in 1981. He then served as a Presbyterian pastor for two years before entering law school at the University of California, Berkeley, where he earned his J.D. in 1986. While at the University of California, Berkeley, Mr. Pemberton was awarded a Moot Court Commendation of Excellence and a Major Walter Dinkelspiel Scholarship, was Fundraising Chairperson for the Berkeley Law Foundation and volunteered his time for the Legal Aid Society of Alameda County. Mr. Pemberton also served as a judicial extern to the Honorable Earl B. Gilliam, Jr., Judge of the United States District Court for the Southern District of California. Active in the professional community, Mr. Pemberton has spoken and presented continuing education seminars on various topics related to business litigation. Mr. Pemberton is currently a member of the Board of Directors of the Orange County Chapter of the Federal Bar Association and has served as the editor of its newsletter. Mr. Pemberton has also served on the Board of Directors of the YMCA of Newport Beach/Costa Mesa/Irvine and on the Board of Directors of the UCLA Club of Orange County. Mr. Pemberton is a member of the Business Litigation Section of the Orange County Bar Association. Mr. Pemberton is also active in the City of Irvine, where he resides, having coached Woodbridge High School to the Constitutional Rights Foundation Orange County Mock Trial Championship and served as Nation Chief of the YMCA Indian Princess Program in Irvine.

**IGNATUK, J. RONALD,** J. Ronald Ignatuk is a partner in the firm's litigation department and is resident in the Irvine office. Mr. Ignatuk's practice emphasizes insurance litigation, business litigation, real estate litigation, corporate officers and directors litigation, unfair trade practices litigation and bankruptcy litigation. Prior to joining the firm in 2000, Mr. Ignatuk was a partner of Barger & Wolen LLP. While at Barger & Wolen LLP, Mr. Ignatuk gained extensive experience representing numerous insurance carriers in high stakes bad faith litigation, and also prosecuted and defended numerous commercial, employment, unfair trade practices, real estate and unfair competition matters. Mr. Ignatuk has tried a number of cases to a successful conclusion. Mr. Ignatuk is admitted to practice before the Ninth Circuit Court of Appeals, United States District Court of Northern, Central, Eastern and Southern Districts of California, and all courts of the State of California. Mr. Ignatuk graduated with a B.A. in psychology from the Pennsylvania State University in 1986. Prior to entering Loyola Law School, Mr. Ignatuk taught high school both in Pennsylvania and in California. Mr. Ignatuk graduated from Loyola Law School, Order of the Coif, in 1990. Mr. Ignatuk also externed with the Santa Monica City Attorney's Office, where he acted as lead prosecutor in several criminal trials. Mr. Ignatuk is a member of the American Bar Association, Orange County Bar Association and California State Bar Association. Mr. Ignatuk is the president of his homeowner's association. He has done charity work, including volunteer charity work at his children's school and for Human Options, an organization dedicated to assisting battered women and their children.

**PETERSEN, MICHAEL J.,** born Chicago, Illinois, February 12, 1952, admitted to the Wisconsin Bar 1977; Admitted to practice in Minnesota 1978, Admitted to practice in Illinois in 1982; Admitted to California Bar 1994. <u>Education</u>: University of Wisconsin, Stevens Point, Wisconsin (B.S. High Honors 1974); University of Minnesota School of Law, Minneapolis Minnesota (J.D. 1977 Cum Laude). <u>Formerly</u>: Assistant General Counsel, The Prudential Insurance Company of America, General Counsel Prudential Real Estate Affiliates, Inc., (1979-1999) General Counsel Newport Federal (Newport Beach California). <u>Memberships</u>: California Bar Association (member real estate section), Wisconsin Bar Association, Orange County Bar Association.

**BUI, LYNDA T.** admitted to the California bar 1999; admitted to United States District Court for the Central District of California; admitted to Ninth Circuit Court of Appeals. <u>Education</u>: University of California, Los Angeles (B.A. 1994); Loyola Law School (J.D. 1998). <u>Formerly</u>: Judicial Extern for the Honorable Kathleen P. March, United States Bankruptcy Judge, Central District of California, 1996 to 1998. Ms. Bui specializes in the area of bankruptcy law, but also practices civil litigation in state and federal court. <u>Memberships</u>: Los Angeles County Bar Association, Commercial Law and Bankruptcy Section; the Orange County Bankruptcy Forum; the Financial Lawyers Conference; active member of the Board of Governors for the Southern California Chinese Lawyers Association. Ms. Bui is a Chapter 7 Panel Trustee for the Central District of California, Riverside Division.

# Exhibit 1 - Page 22

**GEBHART, KIARA**, born San Clemente, California, June 21, 1983; admitted to the California Bar, 2008; admitted to the U.S. District Court, Central District of California, 2008.  Education: University of San Diego, California (B.A., 2005); University of San Diego School of Law (J.D., 2008).  Two time recipient of Honors in Legal Writing, recipient of Honors in Negotiation, and recipient of the American Jurisprudence Award for Bankruptcy.  Formerly: Law Clerk at Shulman, Hodges & Bastian LLP, Irvine, California;  Extern to the Alternate Public Defender, San Diego, California.  Memberships: Orange County Bar Association; Federal Bar Association.

**LOWE, MELISSA DAVIS**, Melissa is a member of the firm's Bankruptcy and Reorganization department and is a resident of the Irvine office.  Ms. Lowe graduated magna cum laude from the Honors College at the University of Arizona with a B.S.B.A. in Finance in 2003. Ms. Lowe earned her J.D. in 2006 from Loyola Law School in Los Angeles and earned her Tax LL.M. from Loyola Law School in 2008. During law school, Ms. Lowe was a staff member of the Loyola Entertainment Law Review and a Scott Moot Court competitor and competed as a finalist in the American Bar Association Law Student Tax Challenge. She also held several leadership positions at the University of Arizona and at Loyola, including President of Phi Alpha Delta. Ms. Lowe is admitted to practice before the United States District Court for the Central, Southern, and Eastern District of California and all the courts of the State of California. Ms. Lowe is active in the community. She is a member of the Orange County Bankruptcy Forum, serving as its Secretary for 2011 and Vice President for 2012, and of the Orange County Bar Association and is active in the Junior League of Orange County, California, as well as her church.

**CONTRERAS, FRANKLIN J.**, born Miami, Florida, March 6, 1968, admitted to the California Bar, 2005; admitted to the U.S. District Court, Central District of California.  Education: University of California at Irvine (B.A. 1992); Western State University College of Law (J.D. 1997).  Member: Orange County Bankruptcy Forum.

## ASSOCIATES

**DILLION, HEATHER BRITTANY**, born Torrance, California, September 13, 1985; admitted to the California Bar, 2013; admitted to the U.S. District Court, Central District of California, 2013.  Education: University of Southern California (B.A., 2008); Loyola Law School, Los Angeles (J.D., 2013).  During law school, Ms. Dillion was a member of the Scott Moot Court Honors Board where she competed as a finalist in the Scott Moot Court Competition and earned an award for Top Advocate in the National Moot Court Competition.  She was also involved with the Youth Justice & Education Clinic where she represented juveniles, protecting their right to a meaningful, safe, and successful education.  Memberships:  Orange County Bar Association.

**ESHAGHI, ELYZA P.,** is a member of the firm's Bankruptcy and Reorganization department and is a resident of the Riverside office. Admitted to the California Bar, 2013; admitted to the U.S. District Court, Central District of California, 2013. Education: University of California, Santa Barbara (B.A., 2008); Chapman University School of Law (J.D., 2013). While attending law school, Ms. Eshaghi was an executive board member of the Moot Court Honor Board. During Ms. Eshaghi's third year, she served as a judicial extern to the Honorable Erithe A. Smith (U.S. Bankruptcy Court, Central District of California). After graduating law school, Ms. Eshaghi worked pro bono for the Public Interest Law Center on the Debtor Assistance Project (DAP) and for the Legal Aid Society of Orange County.

**KIDO, RIKA M.,** born Tokyo, Japan, March 12, 1981; admitted to the California Bar, 2010; admitted to the U.S. District Court, Central District of California, 2010. Education: Middlebury College (B.A., 2003); University of California, San Diego (M.P.I.A., 2007); University of San Francisco School of Law (J.D., 2010). Recipient, CALI Excellence for the Future Award for highest grade in Legal Research & Writing I, Legal Research & Writing II, and International Business Transactions. Technical Editor, 2008, Assistant Literary Editor, 2008-2009, and Literary Editor, 2009-2010, USF Maritime Law Journal. Co-Author: "Operator, Can You Get Me an Extension? Extending the Automatic Stay to Non-Debtor Parties," 30 CAL. BANKR. J. 361 (2010).

**O'DEA, RYAN D.,** Ryan is a member of the firm's bankruptcy department and is a resident of the Irvine office.  Ryan graduated from the University of California, Irvine with a B.A. in Criminology and Law in 2006 and placed on the dean's honor roll.  Mr. O'Dea received his law degree from Chapman University School of Law *cum laude* in 2010.  During law school, Mr. O'Dea was the Notes Editor of the Chapman Journal of Criminal Justice, wrote for the Chapman Law Courier.  During Mr. O'Dea's third year of law school, he served two semesters as a judicial extern to the Honorable Erithe Smith (U.S. Bankruptcy Court, Central District of California).  After graduating from law school, Mr. O'Dea volunteered with the Superior Court of California – Orange County as an intern research attorney, and a judicial intern to the Honorable Kazuharu Makino and the Honorable Richard Toohey (Superior Court of California – Orange County).  After passing the California Bar in 2010,

# Exhibit 1 - Page 23

Mr. O'Dea was hired by the Honorable Meredith Jury to serve a judicial clerkship with the U.S. Bankruptcy Court, Central District of California.  In doing so, Mr. O'Dea served as a judicial law clerk to the Honorable Meredith Jury, the Honorable Scott Clarkson, the Honorable Deborah Saltzman, the Honorable Catherine Bauer, and the Honorable Mark Wallace.

**ROMERO, SAMUEL J.**, born Tucuman, Argentina, February 3, 1968; admitted to the California Bar, 2004; <u>Education</u>:  Biola University (B.S., Physical Science, 1991); Chapman University School of Law (J.D. 2004).  Recipient, CALI Excellence for the Future award for highest grade in Torts I, Civil Procedure I & II, Agency & Partnership, Corporations, Legal Research & Writing I, Corporations, International Business Transactions; highest grade Contracts I.  <u>Formerly</u>:  Judicial Extern to the Honorable Alex Kozinski, United States Ninth Circuit Court of Appeals, 2002-2003; Judicial Extern to the Honorable Kirk Nakamura, Superior Court of Orange County, California, 2002.  <u>Memberships</u>:  American Bar Association, Orange County Bar Association.  <u>Author</u>: "Obesity Liability: A Super-Sized Problem or a Small Fry in the Inevitable Development of Product Liability?" 7 CHAP. L. REV. 239 (2004).

## COUNSEL TO THE FIRM

**KURTZ, DONALD R.**, Mr. Kurtz brings over 25 years experience to Shulman Hodges & Bastian LLP in the areas of estate planning, trust administration, business organizations, transactions and complex tax matters.  Mr. Kurtz was awarded his Bachelor's Degree in Business Administration from Walla Walla College, Washington in 1977. In 1980 he received the Doctor of Jurisprudence degree from the University of Oregon, and in 1984 received his Master of Law in Taxation from the University of San Diego School of Law. Mr. Kurtz was admitted to the Oregon Bar in September, 1980, and the California State Bar in May of 1981. He is currently a member of the Orange County Bar Association and is also admitted to practice before the U.S. Tax Court and the U.S. District Court for the Central District of California. Mr. Kurtz has been practicing law since September of 1980 and has been a resident of Orange County, California since August 1, 1980.

**TAYLOR, A. LAVAR**, Tax Counsel for Shulman Hodges & Bastian LLP, born Salt Lake City, Utah, November 11, 1957; admitted to District of Columbia 1981; California, U. S. District Court, Central District of California, United States Tax Court, Southern and Eastern Districts of California, U.S. Court of Appeals, Ninth Circuit, U.S. Supreme Court, 1987.  <u>Education</u>: University of Illinois at Champaign, Illinois (B.A. Cum Laude, 1978); Georgetown University Law Center, Washington D.C. (J.D. Magna Cum Laude, 1981);  <u>Memberships</u>:  American Bar Association Tax Section; Orange County Bar Association; Orange County Bankruptcy Forum.  <u>Formerly</u>:  Assistant U. S. Attorney for Central District of California, Tax Division (1987 to 1989); Senior Trial Attorney, Internal Revenue Service, Laguna Niguel, California (1984-1986); and Attorney, Office of Chief Counsel, General Litigation Division, Internal Revenue Service, Washington, D.C.  Currently a member of The Law Offices of A. Lavar Taylor.

**HUTTENHOFF, ROBERT E.,** admitted to the California Bar, 2001; admitted to the U.S. District Court, Central District of California, 2001.  <u>Education</u>:  University of California, Santa Barbara (B.A. 1996); Whittier Law School (J.D. 2000).  Recipient, American Bankruptcy Institute Medal of Excellence in Bankruptcy, 1999.  <u>Formerly</u>:  Law Clerk for the United States Bankruptcy Court, Central District of California 1999-2000; Judicial Extern to the Honorable John E. Ryan, United States Bankruptcy Court, Central District of California, 1999; Judicial Extern to the Honorable Lynne Riddle, United States Bankruptcy Court, Central District of California, 1998-1999. <u>Memberships</u>: Orange County Bar Association (Commercial Law & Bankruptcy Section); Orange County Bankruptcy Forum; California State Bar Association; California Young Lawyers Association.  <u>Featured Speaker</u>: "Preference Actions in Bankruptcy" June 2003, Orange County Paralegal Association; "Bankruptcy 101", Sept 2003, Orange County Paralegal Association; <u>Author</u>: "What is the Sudden Impact of the Revised Bankruptcy Code on Business Reorganizations" Receivership News, Fall 2005.

## PARAPROFESSIONALS

**BAILEY, BRITNEY Q.**, <u>Education</u>: Fullerton College, (A.A. 2012); Paralegal Program, Fullerton College, American Bar Association Certification (Completion with Honors A.S. 2015). <u>Member</u>: Orange County Trial Lawyers Association (Paralegal Member).

**BRITTON, PATRICIA A.**, <u>Education</u>:  Fullerton College, (A.A.); Paralegal Program, University of California at Irvine, Extension. American Bar Association Certification (Completion with honors); Certified Legal Assistant 1981; Bankruptcy Specialist, 1993.  <u>Author</u>:  "Thomson West's California Legal Filing Directory".  <u>Member</u>:  National Association of Legal Assistants; Orange County Paralegal Association.

# Exhibit 1 - Page 24

**CLAPP, LORRE,** <u>Education</u>:   California State University, Long Beach (B.A. 1978); Paralegal Program, University of California at Irvine, Extension. American Bar Association Certification (Completion 1985).

**LITTLE, PAMELA G.,** <u>Education</u>:   Chicago College of Commerce (1979); Paralegal Program, University of California at Irvine, Extension. American Bar Association Certification (Completion with Honors 1991).   <u>Member</u>:   Orange County Paralegal Association; National Notary Association.

**LOHAYZA, ERLANNA L.,** <u>Education</u>: Paralegal Program, University of California at Irvine, Extension, American Bar Association Certification (Completion 1996); <u>Member</u>:   Orange County Paralegal Association.   <u>Formerly</u>:    Recording Secretary for Newport-Santa Ana Legal Secretaries Association (now known as NALS of Orange County), 2000-2002.

**SWARTZELL, STEVEN P.,** <u>Education</u>: Fullerton College (A.S. 1993), Paralegal Certificate Program, Fullerton College, American Bar Association Certification (Completion 1993); Member: Orange County Paralegal Association; West Coast Association of Paralegals.

**VERNON, ANNE MARIE,**  <u>Education</u>: Coastline Community College, Costa Mesa (A.A. 2004); Paralegal Program, Coastline Community College, American Bar Association Certification (Completion 2004).  <u>Member</u>: Orange County Paralegal Association; Orange County Legal Secretaries Association.

**WALSWORTH, TAMMY,** <u>Education</u>:   Chaffey Community College, (A.S. 1991); California State University, San Bernardino, (B.A. Criminal Justice, 1998); California State University, San Bernardino (B.A. Business Administration, 1998); Paralegal Program, California State University, San Bernardino, American Bar Association Certification (Completion 1997); <u>Member</u>:  Orange County Paralegal Association; Bankruptcy Judicial Assistants Association.

**WOOTEN, TONIA N. MANN,** <u>Experience</u>: Fifteen years of experience as a bankruptcy and litigation paraprofessional working under the direct supervision of active members of the California State Bar and attorneys who practice in federal courts located in California.  Attorney Attestation.

**Exhibit 1 - Page 25**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **100 Spectrum Center Drive, Suite 600, Irvine, California 92618**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY SHULMAN HODGES & BASTIAN LLP AS COUNSEL AND FOR APPROVAL OF COMPENSATION PROCEDURES; DECLARATION OF LEONARD M. SHULMAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 30, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Richard L Barnett**    rick@barnettrubin.com, kelly@barnettrubin.com *Attorney for the Debtor*
- **Heidi A Coad-Hermelin**    hch@hermelinlaw.com *Attorney for Eric Twiss*
- **John P Dillman**    houston_bankruptcy@publicans.com *Attorney for Harris County et al.*
- **Carolyn A Dye (TR)**    trustee@cadye.com, cdye@ecf.epiqsystems.com;atty@cadye.com *Chapter 7 Trustee*
- **Thomas P Griffin**    tgriffin@hsmlaw.com *NEF for Interested Party*
- **Nicolino I Iezza**    niezza@spiwakandiezza.com *NEF for Interested Party*
- **George C Scherer**    scherer@txschoollaw.com, coston@txschoollaw.com *NEF for Interested Party*
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov *United States Trustee*
- **Elizabeth Weller**    dallas.bankruptcy@publicans.com *Attorney for Tarrant County*

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)  **November 30, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor**
**Integrity Retail Distribution, Inc., PO Box 5042, Torrance, CA 90510**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **Not Applicable**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 30, 2016 | Lorre Clapp | /s/ Lorre Clapp |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**